# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carol Pizzuto,**
**Plaintiff Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1298** (Ohio County 10-C-101)

**Rebecca Randolph; Main Street Financial Services**
**Corp. (Holding Company for Main Street Bank);**
**Keith C. Gamble; Pullin, Fowler, Flanagan, Brown, & Poe,**
**PLLC; and John Doe I, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Carol Pizzuto, appearing *pro se*, appeals the order of the Circuit Court of Ohio County, entered September 20, 2012, that granted respondents' motions for summary judgment on petitioner's various causes of action. Respondents Rebecca Randolph; Main Street Financial Services Corp. (a holding company for Main Street Bank); Keith C. Gamble; and Pullin, Fowler, Flanagan, Brown, & Poe, PLLC; by counsel Keith C. Gamble and Stephen M. Fowler; filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 12, 2007, at approximately 5:00 p.m., petitioner and her son Greg Givens went to Respondent Main Street Bank. Respondent Rebecca Randolph, a Main Street Bank employee, was informed that Mr. Givens was at the bank.[1] Ms. Randolph subsequently met with Mr. Givens and questioned him about a suspicious check Mr. Givens had cashed in April of 2007. During Ms. Randolph and Mr. Givens's conversation, petitioner was outside of the bank because she needed to retrieve her identification. Because of the 5:00 p.m. closing time, the bank had closed and

---

[1] Rebecca Randolph and Main Street Bank and their attorneys are respondents herein. As to the other defendant in the instant action, John Doe I, it appears that such a defendant is frequently named in actions filed by petitioner and her relatives without any subsequent attempt to identify or serve the unnamed party. *See*, *e.g.*, *Pizzuto v. Randolph,* No. 5:10–cv–00017–FPS 2010 WL 2402861, at *1 n. 3  (N.D. W.Va. June 10, 2010); *Givens v. Criswell,* No. 5:08–cv–00025–FPS–JSK, 2010 WL 2925942, at *1 n. 2 (N.D. W.Va. July 22, 2010).

1

petitioner could not reenter. However, customers such as Mr. Givens who were already inside the bank could exit the building at any time because the doors were not locked from the inside. At the conclusion of his conversation with Ms. Randolph, Mr. Givens exited the lobby of Main Street Bank without incident.

Subsequently, Ms. Randolph reported Mr. Givens to the police regarding the suspicious check. On January 14, 2008, a grand jury indicted Mr. Givens for uttering, uttering a public record, and fraudulent schemes. Mr. Givens was evaluated by a state mental hospital. As a result of this evaluation, the criminal charges against Mr. Givens were dismissed because he was found to be incompetent to stand trial and not likely to attain competency.

Following Ms. Randolph's report of Mr. Givens to the police, Mr. Givens, petitioner, and Mr. Givens's uncle Dennis Givens have filed numerous actions against Ms. Randolph, her employer Main Street Bank, various other employees of the bank, as well as their attorneys in numerous different courts.[2] Petitioner filed her first action in the Circuit Court of Ohio County on January 15, 2010 in Civil Action No. 10-C-12. The case was removed to federal court, and the United States District Court for the Northern District of West Virginia subsequently granted the defendants' motions to dismiss on June 10, 2010. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit which affirmed the dismissal on October 25, 2010. *See Pizzuto v. Randolph* ("*Pizzuto I*"), 399 Fed.App'x 843 (4th Cir. 2010). In its order granting respondents summary judgment in the case at bar, the circuit court found that petitioner alleged the following causes of action in *Pizzuto I*: (1) defamation; (2) negligence; (3) negligence in supervision and employment; (4) adulteration of the system of justice; (4) production of false psychological reports, and (5) civil rights violations.

Petitioner filed the instant action, No. 10-C-101, in the Circuit Court of Ohio County on March 22, 2010, seeking $12,000,000. The circuit court identified the following causes of action: (1) negligence, (2) negligent hiring practices; (3) failure to supervise; (4) fraud; (5) denial of access to a state bank; (6) defamation; (7) conspiracy; (8) endangerment and injury to petitioner; (9) negligent infliction of emotional distress; (10) corporate director/officer liability for wrongful conduct; (11) intentional infliction of emotional distress; (12) liability for injury sustained in an attempt to rescue a person from imminent peril; and (13) defamation involving petitioner's profession, trade, or business.

On September 20, 2012, the circuit court entered a sixteen-page order that granted respondents' motions for summary judgment, concluding as follows:

> [Petitioner's] causes of action in the present case for
> defamation and negligence are barred by the doctrine of res judicata

---

[2] In *Givens v. Gamble*, No. 12-0341, 2013 WL 1859170 (W.Va. Supreme Court, May 3, 2013) (memorandum decision), we affirmed the Circuit Court of Monongalia County's finding that the doctrine of res judicata barred Dennis Givens's action in that case based on the dismissal of two prior actions by the Circuit Court of Ohio County.

2

because they were previously litigated and dismissed by a federal Judge.

[Petitioner's] claims for negligent hiring practices, defamation, failure to supervise, injury sustained in an attempt to rescue, fraud, endangerment of and injury to [petitioner], infliction of physical and emotional distress, liability of a corporate director or officer for wrongful conduct are barred by the statute of limitations.[3]

[Petitioner's] claims for defamation and other claims involving statements or actions by [respondents] that were committed in the course of litigation are protected by the litigation privilege.[4]

In addition to being barred by the litigation privilege, statute of limitation[s] and res judicata, [petitioner] has failed to state a claim for which relief can be granted for the action or failure to employ or supervise employees, defamation occurring September 30, 20[09], defamation involving [petitioner's] profession, trade or business, negligent infliction of emotional distress, the rescue doctrine, denial of access to [a] state banking institution, and injury sustained in an attempt to rescue.[5]

Petitioner now appeals the circuit court's September 20, 2012 order granting summary judgment.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment can be granted if a claim fails

---

[3] The circuit court found that most of petitioner's tort claims accrued before March 22, 2008, and had a two-year statute of limitations. *See* W.Va. Code § 55-2-12(b). Defamation has a one-year statute of limitations. *See* W.Va. Code § 55-2-12(c). The circuit court found that one of petitioner's claims for defamation dated back to April 24, 2008. The circuit court found an additional defamation claim and petitioner's claim for defamation involving her profession, trade, or business were not time-barred because they accrued on September 30, 2009.

[4] *See* Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 624 S.E.2d 864 (2005) ("The litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action.").

[5] The circuit court also found that petitioner did not have standing to bring claims on behalf of Greg Givens.

as a matter of law. Rule 56(c) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that the moving party is entitled to a judgment as a matter of law.*" (Emphasis added). Many of petitioner's causes of action failed as a matter of law because of the applicable statute of limitations and/or the litigation privilege. In addition, the circuit court correctly determined that two of petitioner's claims were barred by the doctrine of res judicata. *See* Syl. Pt., 1, *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principles of res judicata).

For those claims raised by petitioner which survived the application of the statute of limitations, the litigation privilege, and the doctrine of *res judicata*; the circuit court found that those causes of action failed to state a claim upon which relief could be granted. Petitioner argues that summary judgment was granted before there was an adequate opportunity for discovery. However, in its September 20, 2012 order, the circuit court considered affidavits as well as deposition testimony. Respondents assert that petitioner's claims were wholly unsupported and that judgment was appropriately granted as a matter of law. After careful consideration of the record on appeal, this Court concludes that the circuit court did not err in granting respondents summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4