# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Greg Givens,**
**Plaintiff Below, Petitioner**

**vs)  No. 12-1299** (Ohio County 10-C-43 and 10-C-101)

**Main Street Financial Services Corp. (Holding Company for)**
**Main Street Bank; Rebecca Randolph; Richard Lucas; William**
**Criswell; Kevin Gessler; Keith C. Gamble; Pullin, Fowler,**
**Flanagan, Brown, & Poe, PLLC; and City of Wheeling,**
**Defendants Below,  Respondents**

## MEMORANDUM DECISION

Petitioner Greg Givens, appearing *pro se*, appeals the order of the Circuit Court of Ohio County, entered September 20, 2012, that granted respondents summary judgment on all of petitioner's claims in the instant civil actions.[1] The bank respondents,[2] by counsel Keith C. Gamble and Stephen M. Fowler, filed a response. The city respondents,[3] by counsel Nathanial A. Kuratomi, also filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2007, petitioner cashed a retirement check erroneously issued by the United States Treasury to petitioner's grandfather, Joseph Givens, weeks after the grandfather's death. On a subsequent trip to Main Street Bank, petitioner was questioned by Respondent Rebecca Randolph, an employee of Main Street Bank, who asked him for a certified death certificate for

---

[1] The two actions had been previously consolidated by the circuit court.

[2] The bank respondents are Main Street Financial Services Corp. (a holding company for Main Street Bank), bank employees Rebecca Randolph and Richard Lucas, and their attorney Keith C. Gamble and his law firm of Pullin, Fowler, Flanagan, Brown, & Poe, PLLC.

[3] The city respondents are the City of Wheeling, city police officer William Criswell, and former city police chief Kevin Gessler.

1

Joseph Givens. The death certificate petitioner later provided Ms. Randolph showed that Joseph Givens died on April 26, 2007, which was contradicted by a death certificate Ms. Randolph subsequently obtained from the funeral home that handled Joseph Givens's burial. The death certificate obtained from the funeral home had a date of death of March 26, 2007. Because of the discrepancy between the dates on the two death certificates, Ms. Randolph reported petitioner to the City of Wheeling Police Department. Officer Criswell investigated the matter and took Ms. Randolph's report at Main Street Bank on August 20, 2007.

On January 14, 2008, a grand jury indicted petitioner for uttering, uttering a public record, and fraudulent schemes. Petitioner was evaluated by personnel at a state mental hospital. As a result of this evaluation, the criminal charges against petitioner were dismissed because he was found to be incompetent to stand trial and not likely to attain competency.

Following Ms. Randolph's report of petitioner to the police, petitioner and two of his relatives[4] have filed numerous actions against Ms. Randolph, her employer Main Street Bank, various other employees of the bank, the bank's attorneys, as well as Officer Criswell and other government officials in numerous different courts.[5] Petitioner filed the two instant actions, Ohio County Civil Action Nos. 10-C-43 and 10-C-101, on February 8, 2010 and March 22, 2010.[6] The Circuit Court of Ohio County found that the two actions were identical except for an additional defamation claim petitioner added in Civil Action No. 10-C-101.

The circuit court further found that the instant actions were substantially similar to two previous actions filed by petitioner. The first case was *Givens v. Criswell*, 425 Fed.App'x 236 (4th Cir. 2011), in which the United States Court of Appeals for the Fourth Circuit affirmed a summary judgment granted against petitioner by the United States District Court for the Northern District of West Virginia in an action that included the following claims: (1) civil conspiracy under 42 U.S.C. § 1983; (2) violations of federal law; (3) abuse of process; (4) breach of express duties; (5) malicious prosecution; (6) endangerment of and injury to petitioner; and (7) infliction of emotional distress.[7] The second case was *Givens v. Gamble*, Civil Action No. 11-C-75 (Monongalia Cnty. Cir. Ct., September 20, 2011), in which the Circuit Court of Monongalia County dismissed petitioner's action that included the following claims: (1) negligent hiring practices; (2) failure to supervise; (3) defamation; (4) "other torts"; (5) fraud; (6) endangerment of and injury to petitioner;

---

[4] Petitioner's relatives are his mother Carol Pizzuto and his uncle Dennis Givens.

[5] In *Givens v. Gamble*, No. 12-0341, 2013 WL 1859170 (W.Va. Supreme Court, May 3, 2013) (memorandum decision), we affirmed the Circuit Court of Monongalia County's finding that the doctrine of res judicata barred Dennis Givens's action in that case based on the dismissal of two prior actions by the Circuit Court of Ohio County.

[6] In each action, petitioner sought $38,000,000 in damages.

[7] Petitioner subsequently filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied. *See Givens v. Criswell*, __ U.S. __, 132 S.Ct. 775, 181 L.Ed.2d 497 (2011).

and (7) infliction of physical and emotional distress. The defendants in these two prior actions were either respondents, i.e., the same defendants as in the instant actions, or parties that have privity with respondents.

In the instant actions, on September 20, 2012, the circuit court entered a nineteen-page order that granted motions for summary judgment previously filed by both sets of respondents, concluding as follows:

> [Petitioner]'s causes of action in the present case for civil conspiracy, abuse of process, breach of express duties, malicious prosecution, endangerment of and injury to [petitioner], and infliction of emotional distress, negligence, negligent hiring practices, failure to supervise, defamation, other torts and fraud are barred by the doctrine of res judicata because they were previously litigated and dismissed by a federal [j]udge and a West Virginia state judge.

> The particular claims of [petitioner] . . . for defamation, defamation involving [petitioner's] profession, trade or business, endangerment of and injury to [petitioner], infliction of emotional distress, abuse of process, malicious prosecution, liability of a corporate director or officer for wrongful conduct, negligence, fraud, negligent supervision, breach of contract arising from [the] bank's failure to act in good faith, and conspiracy are barred by the applicable statute of limitations.[8]

> In addition to being barred by the statute of limitation[s] and res judicata, the particular claims of [petitioner] . . . of failure to employ or supervise employees, defamation occurring in February of 2010, and defamation involving [petitioner's] profession, trade or business are dismissed because [petitioner] has failed to state a claim for which relief can be granted for the stated causes of action.[9]

---

[8] The circuit court found that most of petitioner's tort claims accrued before February 8, 2008, and had a two-year statute of limitations. *See* W.Va. Code § 55-2-12(b). Defamation has a one-year statute of limitations. *See* W.Va. Code § 55-2-12(c). The circuit court found that two of petitioner's claims for defamation dated back to August 27, 2007, and April 24, 2008. The circuit court found an additional defamation claim, accruing in February of 2010, was not time-barred.

[9] The circuit court also found that petitioner did not have standing to bring claims on behalf of Carol Pizzuto and Dennis Givens.

3

Petitioner now appeals the circuit court's September 20, 2012 order granting summary judgment.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment can be granted if a claim fails as a matter of law. Rule 56(c) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and that the moving party is entitled to a judgment as a matter of law*." (Emphasis added). Many of petitioner's causes of action failed as a matter of law because they are barred by the applicable statute of limitations. In addition, the circuit court correctly determined that many of the claims were also barred by the doctrine of res judicata. *See* Syl. Pt., 1, *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principles of res judicata).

For claims that survived application of the statute of limitations and the doctrine of *res judicat*a, the circuit court found that these causes of action failed to state a claim upon which relief could be granted. Petitioner argues that summary judgment was granted before there was an adequate opportunity for discovery. However, in its September 20, 2012 order, the circuit court considered affidavits as well as deposition testimony. Both sets of respondents assert that petitioner's claims were wholly unsupported and that judgment was appropriately granted as a matter of law. After careful consideration of the record on appeal, this Court concludes that the circuit court did not err in granting summary judgment in respondents' favor.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II