647 S.E.2d 535

**Stephen ANTOLINI, et al., Petitioners Below, Appellants**

v.

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES, Respondent Below, Appellee.**

No. 33182.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 14, 2007.

Decided April 10, 2007.

Andrew K. Chafin, Esq., The Masters Law Firm, PLC, Charleston, for Appellants.

Darrell V. McGraw, Jr., Esq., Attorney General, William R. Valentino, Esq., Assistant Attorney General, Kelley M. Goes, Esq., Special Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

This case is before this Court upon an appeal of a final order of the Circuit Court of Kanawha County entered on November 2, 2005. In that order, the circuit court dismissed an appeal of a grievance decision filed by the appellants and petitioners below, Stephen Antolini, Roger McClanahan, and Mickey Sylvester, after finding that their claims were barred by *res judicata*. In this appeal, the appellants contend that none of the essential elements were present for application of the doctrine of *res judicata*, and therefore, the decision of the circuit court should be reversed.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

## I.

## FACTS

The appellants, Stephen Antolini, Roger McClanahan, and Mickey Sylvester, are employed by the appellee and respondent below, the Law Enforcement Division of the West Virginia Division of Natural Resources (here-

inafter "DNR").[1] The appellants are each classified as a Conservation Officer II, also known as a field sergeant. In April 2002, the appellants filed a grievance alleging discrimination and favoritism after six other field sergeants were named Regional Training Officers (hereinafter "RTOs") and each given a raise of $1,767.12 per year.[2] The appellants sought to have their wages increased by the same amount. In response, the DNR asserted that the raises given to the six RTOs were merit increases.

The grievance progressed through Levels I, II, III, and IV. On October 28, 2003, following the Level IV hearing, the Administrative Law Judge (hereinafter "ALJ") declared that the merit increases were invalid and ordered the DNR to rescind the raises. The ALJ did not grant any direct relief to the appellants.

Thereafter, Stephen Rexrode, one of the RTOs, filed a Motion for a Temporary Injunction, a Motion to Intervene, and an appeal of the Level IV decision in Grant County, West Virginia, where he resides. It appears that the appellants and their counsel were aware that the motions and appeal had been filed, but the record does not indicate whether or not formal notice was provided. On November 21, 2003, the Circuit Court of Grant County entered an order granting Mr. Rexrode's motion to intervene and motion for an injunction and stay of the ALJ's decision. The injunction provided relief to all six RTOs.

On November 26, 2003, four of the other five RTOs filed an appeal in the Circuit Court of Kanawha County which was nearly identical to the appeal filed by Mr. Rexrode in Grant County.[3] On December 11, 2003, the appellants also filed an appeal in Kanawha County. Thus, the same ALJ decision was appealed in three separate actions in two different circuit courts.

On March 5, 2004, the Honorable Andrew N. Frye, Jr., Judge of the Circuit Court of Grant County, issued an order vacating the Level IV decision. Judge Frye found that the RTOs had requested a merit pay increase and that the raise was properly and legally granted. He further concluded that the ALJ abused his discretion in finding that discrimination or favoritism had occurred. Accordingly, the DNR was ordered to continue to pay the RTOs the salaries that reflected the merit increases awarded. On March 8, 2005, pursuant to Judge's Frye's decision, the Honorable Paul Zakaib, Jr., Judge of the Circuit Court of Kanawha County, granted summary judgment to the four RTOs who had filed an appeal in Kanawha County. Finally, on November 2, 2005, Judge Zakaib dismissed the appeal filed by the appellants finding that it was barred by *res judicata*. This appeal followed.

## II.

### STANDARD OF REVIEW

■ When a circuit court grants a motion to dismiss, our standard of review is *de novo*. See, e.g., Syllabus Point 1, *Lipscomb v. Tucker County Comm'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996) ("Appellate review of a circuit court's order granting a motion to dismiss an appeal from a decision of a county commission is *de novo*."); Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

## III.

### DISCUSSION

■ The appellants contend that none of the essential elements are present for application of the doctrine of *res judicata*, and therefore, the circuit court erred by dismissing their appeal. "The essence of the doctrine of *res judicata* (meaning, a matter adjudged) is that a judgment in a prior action

---

1. Mr. Antolini works in Mercer County while Mr. McClanahan and Mr. Sylvester serve Fayette County and Summers County respectively.

2. The RTOs were given the additional duty of firearms instruction.

3. The four RTOs who filed this appeal were Vernon F. Nosse, James W. Vance, David W. Trader, and Bobby D. Jones.

bars a subsequent action involving the same parties (or their privies) and the same cause of action which were involved in the prior action." *Sattler v. Bailey,* 184 W.Va. 212, 217, 400 S.E.2d 220, 225 (1990). The purpose of *res judicata,* also referred to as "claim preclusion," is to "preclude the expense and vexation attending relitigation of causes of action which have been fully and fairly decided." *Id.* In addition, *res judicata* "also conserves judicial resources and minimizes the risk of inconsistent decisions." *Id.* This Court has held that,

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997).

Having carefully reviewed the record in this case, we find that the first element of *res judicata* has not been satisfied. W.Va.Code § 29–6A–1 to –12 sets forth the grievance procedure for state employees. W.Va.Code § 29–6A–7 (1988) addresses the enforcement and reviewability of the decision of the hearing examiner (the ALJ) following the Level IV grievance hearing. In that regard, W.Va. Code § 29–6A–7 provides, in pertinent part:

> (a) The decision of the hearing examiner is final upon the parties and is enforceable in circuit court.
>
> (b) *Either party or the director of the division of personnel may appeal to the circuit court of Kanawha County or to the circuit court of the county in which the grievance occurred* on the grounds that the hearing examiner's decision:
>
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;

> (2) Exceeds the hearing examiner's statutory authority;
>
> (3) Is the result of fraud or deceit;
>
> (4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
>
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(Emphasis added).

■■■ This Court has long held that, "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968). In other words, " 'A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syllabus Point 1, *State v. Jarvis,* 199 W.Va. 635, 487 S.E.2d 293 (1997). The language of W.Va.Code § 29–6A–7(b) is clear and unambiguous; an appeal of a decision of the hearing examiner following a Level IV grievance hearing can only be filed by a party or the director of the division of personnel in the Circuit Court of Kanawha County or the circuit court of the county wherein the grievance occurred.

In this case, the parties to the grievance were the appellants, Mr. Antolini, Mr. McClanahan, and Mr. Sylvester, and the appellee, the DNR. Pursuant to the plain language of W.Va.Code § 29–6A–7, the appeal of the Level IV grievance decision could have been filed in the Circuit Court of Kanawha County or in the circuit court of the counties wherein the appellants worked as that is where the grievance occurred. As previously noted, the appellants were employed in Mercer, Fayette, and Summers counties. *See* note 1, *supra.* The appellants chose to file their appeal in Kanawha County.

■■ It is undisputed that Mr. Rexrode was not a party to the original grievance proceeding and that no part of the grievance occurred in Grant County. Therefore, based on the clear language of W.Va.Code § 29–

6A–7, Mr. Rexrode did not have the right to file an appeal in Grant County. Moreover, the Circuit Court of Grant County did not have jurisdiction to hear the appeal.

Since the Circuit Court of Grant County did not have jurisdiction to hear the appeal of the Level IV grievance decision, the order entered on March 5, 2004, by Judge Frye does not bar the appellants' appeal in the Circuit Court of Kanawha County. Likewise, because the order entered by Judge Zakaib on March 8, 2005, in the appeal filed by four other RTOs in Kanawha County, was based on Judge Frye's order, it cannot be used to preclude the appellants' appeal either. Simply put, there has not been a final adjudication on the merits by a court having jurisdiction of the proceedings. Consequently, the first element of *res judicata* has not been satisfied, and thus, the doctrine cannot be applied in this case.

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on November 2, 2005, is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.