## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sharon Mueller,**
**Plaintiff Below, Petitioner**

**FILED**

**January 25, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 11-1711** (Jefferson County 11-C-152)

**K. Alan Perdue,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Sharon Mueller, *pro se*, appeals the September 1, 2011 order of the Circuit Court of Jefferson County dismissing her civil action in which she sought permission to speak to the Shepherd University Police Department concerning her allegations that respondent, the Shepherd University Counsel, falsified documents in prior proceedings between the parties. Finding that petitioner's present action was barred by the doctrine of res judicata, the circuit court also sanctioned her under Rule 11 of the West Virginia Rules of Civil Procedure ordering that she pay a fine of $1,000, and pay respondent's attorney's fees and costs in the amount of $5,338.60, for a total of $6,338.60. Respondent K. Alan Perdue, by Lucien G. Lewin and Jason P. Foster, his attorneys, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner has a long history of litigation against Shepherd College (now University) ("Shepherd") and its various officials. *See Sharon Mueller v. Shepherd College*, Jefferson County Civil Action No. 01-C-1565; *Sharon Mueller v. K. Alan Perdue*, Jefferson County Civil Action No. 02-C-470; *Sharon Mueller v. David Dunlop*, Jefferson County Civil Action No. 02-C-581; and *Shepherd College v. Sharon Mueller*, Jefferson County Civil Action No. 03-C-266. In No. 03-C-266, Petitioner and Shepherd agreed to fully compromise and settle their claims in these four civil actions and in the proceedings before the West Virginia Court of Claims styled *Mueller v. Higher Education Policy Commission*, Claim No. CC-02-297.

The terms of the settlement agreement were set out in the circuit court's March 4, 2004 dismissal order in 03-C-266 and included the following:

> 2.     Shepherd agreed to pay [petitioner] an untaxed, lump sum
> payment of three thousand dollars ($3,000) for which [petitioner]
> will be responsible for paying any taxes and for which Shepherd

1

will issue a Form 1099.

\*     \*     \*

4.      [Petitioner] and Shepherd agreed that no changes or modifications to the Settlement Agreement or mutual release entered into by the parties shall be valid unless executed by both parties.

5.      [Petitioner] agreed that she will not enter upon the campus of Shepherd College except for the purpose of attending public events held at the Butcher Center, McMurran/Reynolds Hall, the Frank Arts Center and Ram Stadium.

6.      [Petitioner] agreed that she would not talk with or call on the telephone the following: Kristi A. McWhirter, David Dunlop, President Shepherd College, K. Alan Perdue, Shepherd College Counsel, the members of the Shepherd College Board of Governors, its successors, officers and employees.

Notwithstanding the parties' settlement, petitioner has continued to file civil actions against Shepherd and its officials. For example, in *Sharon Mueller v. Shepherd University Board of Governors*, No. 11-0567 (W.Va. Supreme Court November 20, 2012) (memorandum decision),[1] this Court recently affirmed the circuit court's dismissal of an action filed by petitioner on the ground that it was barred by the doctrine of res judicata when the settlement agreement the parties reached in 03-C-266, specifying the Shepherd University buildings petitioner would be allowed to enter into to attend public events, did not include the recently built Shepherd Wellness Center.

In the case sub judice, petitioner filed a civil action against respondent, the Shepherd University Counsel, alleging that respondent was threatening and intimidating her in an attempt to silence her. As relief, petitioner sought permission to speak to the Shepherd University Police Department concerning her allegations that respondent falsified documents in the prior proceedings between the parties. Respondent filed a motion to dismiss and to grant sanctions against petitioner under Rule 11 of the West Virginia Rules of Civil Procedure. The circuit court conducted a hearing on respondent's motion on August 19, 2011.

In an order entered September 1, 2011, the circuit court noted that it appeared that "[petitioner]'s Complaint in the present case was filed for the improper purposes of harassing [respondent] and needlessly imposing further litigation costs upon [respondent] in the hopes that Shepherd will simply cede to Ms. Muller's demands for extended access to [the] Shepherd campus." The circuit court applied the principles of res judicata as set forth in Syllabus Point One, *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 647 S.E.2d 535 (2007),

---

[1] The circuit court case number was 10-C-200.

to petitioner's present action:

5)     All three elements under *Antolini* are met in the present case with regard to Civil Action Nos. 03-C-266, 10-C-200, and 11-C-52.[2] First, those cases ended in a final adjudication on the merits as embodied in the Court's various Dismissal Orders. Second, those cases include the same parties: petitioner and Shepherd University, its Board of Directors [sic], and/or its Legal Counsel, [respondent]. Finally, the causes of action in the current case either have been or could have been resolved in the prior cases.

6)     Because each of the issues raised in the current action have been or could have been decided in Civil Action Nos. 03-C-266, 10-C-200, and 11-C-52, petitioner's claims in the present case are barred by the doctrine of *res judicata*. *See Antolini*, *supra*.

With regard to respondent's motion for sanctions, the circuit court concluded as follows:

7)     In conclusion, it appears to the Court that this case is much older than my time on the Bench. Judge Steptoe dealt with this case for seven years before me. This latest Complaint is merely the latest in a number of reincarnations of issues that have been raised and put to rest. Because the claims brought forth by [petitioner] in the present action are harassing, vexatious, and without merit, [respondent] is entitled to sanctions against [petitioner] pursuant to Rule 11 of the [Rules of Civil Procedure].

Accordingly, the circuit court granted with prejudice respondent's motion to dismiss petitioner's present action. The circuit court also ordered that petitioner pay a fine of $1,000 and pay respondent's reasonable attorney's fees and costs. Following a hearing, in an order entered December 7, 2011, the circuit court approved respondent's attorney's fees and costs in the amount of $5,338.60 and ordered petitioner to pay a total of $6,338.60.

## DISMISSAL OF PETITIONER'S PRESENT ACTION

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Three elements must be satisfied before the prosecution of a lawsuit may be barred on the basis of res judicata: (1) there must have been a final adjudication on the merits in the first proceeding; (2) the second proceeding must involve the same parties, or persons in privity with those same parties, as the first proceeding; and (3) the cause of action in the second

---

[2] In No. 11-C-25, the circuit court found that petitioner sought alteration of the settlement agreement.

proceeding must be identical to the cause of action determined in the first proceeding or must be such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 1, *Antolini*, supra (quoting Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997)). Petitioner does not directly respond to the circuit court's ruling that her present action is barred on the basis of res judicata, but asks that this Court grant her permission to speak to the Shepherd University Police Department concerning inconsistencies between certain documents. Petitioner suggests that respondent has been obstructing her attempt to do this for the purposes of running out the time to conduct any type of investigation. Respondent argues that the circuit court concluded that petitioner's claims in the present action were resolved by the 2004 settlement agreement and barred by the doctrine of res judicata, and that petitioner has presented no evidence or legal authority that the circuit court's conclusion was either erroneous or improper. After careful consideration, this Court concludes that the circuit court properly determined that all three elements of res judicata were satisfied in the case sub judice.

SANCTIONING OF PETITIONER UNDER RULE 11

"This Court reviews a trial court's assessment of sanctions under an abuse of discretion standard." *Davis ex rel. Davis v. Wallace*, 211 W.Va. 264, 266, 565 S.E.2d 386, 388 (2002) (reviewing a circuit court's granting of a motion for sanctions under Rule 11). "A court may order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or a defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law." Syllabus, *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 332 S.E.2d 262 (1985). Petitioner notes that the relief she sought in the present action was non-monetary in nature. Petitioner also suggests that the retention of outside counsel to represent respondent could have been unlawful. Petitioner argues that each party should be ordered to pay his or her own expenses. Respondent argues that because petitioner did not raise the issue of outside counsel in the circuit court, this Court should decline to address it now.[3] Respondent asserts that petitioner has persisted in pursuing vexatious litigation against the same parties under the same theories over the course of seven years and several lawsuits. Respondent argues that the circuit court committed no reversible error in granting his motion for Rule 11 sanctions. After careful consideration of the parties' arguments, the circuit court's September 1, 2011 order, and the record, this Court concludes that the circuit court did not abuse its discretion in granting respondent's motion for Rule 11 sanctions.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Jefferson County. The circuit court's dismissal of petitioner's present action on the basis of res judicata, and the court's sanctioning of petitioner in the total amount of $6,338.60, are both affirmed.

Affirmed.

---

[3] In her reply brief, petitioner asserts that she did raise the issue before the circuit court.

**ISSUED:** January 25, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II