# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert A. Clark, Jr., Jerry Jenkins, Bradford C. Debord, Roy E. Cool, Gary A. Johnson, Clyde D. Shriner, Samuel A. Brick, Jr., Thomas R. Stuckey, Greg M. Willenborg, William A. Persinger, Jr., Douglas A. Benson, John J. Lane, Curt H. Tonkin, Woodrow Wilson Brogan, III, Barry A. Kaizer, Jerry E. Payne, Terry A. Ballard, Harry E. Shaver, James C. Armstead, Jr., Stanley K. Hickman, Michael A. Waugh, Charles R. Johnson, Thomas D. Tolley, and Joseph A. Ward, Petitioners Below, Petitioners**

**FILED**

May 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 14-0626** (Kanawha County 11-AA-75)

**West Virginia Division of Natural Resources, and West Virginia Division of Personnel, Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioners Robert A. Clark, Jr., Jerry Jenkins, Bradford C. Debord, Roy E. Cool, Gary A. Johnson, Clyde D. Shriner, Samuel A. Brick, Jr., Thomas R. Stuckey, Greg M. Willenborg, William A. Persinger, Jr., Douglas A. Benson, John J. Lane, Curt H. Tonkin, Woodrow Wilson Brogan, III, Barry A. Kaizer, Jerry E. Payne, Terry A. Ballard, Harry E. Shaver, James C. Armstead, Jr., Stanley K. Hickman, Michael A. Waugh, Charles R. Johnson, Thomas D. Tolley, and Joseph A. Ward, who are similarly-situated employees of Respondent West Virginia Division of Natural Resources ("WVDNR"), by counsel J. Michael Ranson and J. Patrick Jacobs, appeal the Circuit Court of Kanawha County's order, entered June 4, 2014, that dismissed their grievance regarding a pay raise previously granted to other similarly-situated employees. Respondent WVDNR, by counsel William R. Valentino, and Respondent West Virginia Division of Personnel, by counsel Karen O'Sullivan Thornton, filed a response in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 1, 2000, the WVDNR granted six employees (who are not among the petitioners herein) a $1,767.12 annual raise in salary ("the 2000 pay raise"). Each of the six

1

employees held the position of Conservation Officer II ("CO2") (also known as "field sergeant") and were also designated as Regional Training Officers ("CO2/RTOs"). In response, on February 9, 2002, three CO2s who were not designated as RTOs timely filed a grievance action seeking pay parity. The grievance progressed through Levels I, II, III, and IV. On October 28, 2003, following the Level IV hearing, Grievance Board found that the three CO2s (hereinafter the "*Antolini* petitioners") had met their burden of proof for establishing claims of discrimination and favoritism. The Grievance Board rescinded the raises given to the six CO2/RTOs, but did not grant any direct relief to the *Antolini* petitioners. *See Antolini, et al. v. W.Va. Div. of Natural Res.*, No. 03-DNR-94 (October 29, 2003).

Thereafter, three separate appeals were taken in two counties. First, the three *Antolini* petitioners appealed to the Circuit Court of Kanawha County. Second, one of the six CO2/RTOs who received the 2000 pay raise filed an action in Grant County seeking, inter alia, a temporary injunction and an appeal of the Level IV grievance decision. Third, four of the six CO2/RTOs who received a pay raise filed an action in Kanawha County which was essentially identical to the action filed in Grant County.

On March 5, 2004, the Circuit Court of Grant County (1) vacated the Level IV decision, (2) found that the 2000 pay raise was legally granted and that the Grievance Board abused his discretion in finding discrimination or favoritism; and (3) ordered the WVDNR to continue to pay the CO2/RTOs the 2000 pay raise. On March 8, 2005, the Kanawha County Circuit Court granted summary judgment to the four CO2/RTOs who filed their appeal there on the ground that the *Antolini* petitioners' appeal was barred by the doctrine of res judicata, i.e., the Grant County order.

The *Antolini* petitioners appealed to this Court. In *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 647 S.E.2d 535 (2007), we found that the Circuit Court of Grant County lacked subject matter jurisdiction to hear the CO2/RTO's appeal. Therefore, the Grant County order did not bar the *Antolini* petitioners' appeal in Kanawha County. This Court then reversed and remanded the case to Kanawha County.

On remand, the Circuit Court of Kanawha County found (1) that the three *Antolini* petitioners were similarly situated to the six CO2/RTOs who had received the pay raise because they were all classified as CO2s and ranked as sergeants; and (2) that the *Antolini* petitioners had met their burden of proof with regard to discrimination and favoritism. The circuit court then reversed the Grievance Board's rescission of the six CO2s/RTOs 2000 pay raise; and further ordered that they, and the three *Antolini* petitioners, be paid the 2000 pay raise; and that the *Antolini* petitioners be given back pay and interest.

On January 22, 2009, this Court denied the WVDNR's petition for appeal of the circuit court's order. Thereafter, in February of 2009, the twenty-four petitioners in this case ("petitioners" or the "Clark petitioners"), who are employed by the WVDNR, filed a grievance seeking the 2000 pay raise granted to the *Antolini* petitioners by the Circuit Court of Kanawha County. Six of the twenty-four Clark petitioners were CO2s, but not RTOs, when the original six CO2/RTOs got the pay raise at issue in *Antolini* on August 1, 2000. The remaining eighteen Clark petitioners became CO2s after August 1, 2000.

2

On May 6, 2011, the West Virginia Public Employee's Grievance Board (the "Grievance Board") dismissed the Clark petitioners' action on the grounds that (1) their grievance was not timely filed, (2) they did not demonstrate an excuse for the untimely filing, and (3) neither the discovery rule nor the continuing practice exception applied in this case to excuse the untimely filing.

Petitioners appealed the Grievance Board's dismissal to the Circuit Court of Kanawha County. By order entered June 4, 2014, the circuit court denied relief based on its finding that the Grievance Board's order was legally and factually correct

The Clark petitioners now appeal. We review such appeals pursuant to Syllabus Point 1 of *Huffman v. Goals Coal Company*, 223 W.Va. 724, 679 S.E.2d 323 (2009), in which we held,

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A–5–4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus Point 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

*Huffman*, 223 W.Va. at 725, 679 S.E.2d at 324. Mindful of these principles, we consider petitioners' assignments of error.

Petitioners first argue that the circuit court erred in adopting the Grievance Board's finding that petitioners' grievance was untimely filed and that the discovery rule and the continuing practice exceptions did not apply. Pursuant to West Virginia Code § 6C-2-3(a)(1), appeals to the West Virginia Public Employees Grievance Board must be filed within the time limits found in West Virginia Code § 6C-2-4(a)(1):

> Within fifteen days following the occurrence of the event upon which the grievance is based, or within fifteen days of the date upon which the event became known to the employee, or within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance, an employee may file a written grievance with the chief administrator stating the nature of the grievance and the relief requested and request either a conference or a hearing. The employee shall also file a copy of the grievance with the board. State government employees shall further file a copy of the grievance with the Director of the Division of Personnel.

In the instant case, the record on appeal clearly shows that petitioners did not file their grievance within fifteen days following the occurrence of the event upon which the grievance is based, i.e., the 2000 pay raise. In fact, petitioners did not file this action until eight years after the pay raise at issue in *Antolini* was initially awarded and seven years after the *Antolini* petitioners filed their grievance.

3

Petitioners argue that their grievance was timely filed under the discovery rule exception in West Virginia Code § 6C-2-4(a)(1), which, as noted above, provides that the a grievance must be filed "within fifteen days of the date upon which the event became known to the employee[s]"). With regard to when petitioner discovered the triggering "event" in this case, we first note that petitioners stipulated below that they "knew or had reason to know of the *Antolini* [] proceeding at the time it was filed, upon their accepting employment as conservation offices or promotion to the rank of sergeant, or at a time sufficient to have intervened in the grievance." We also note that in their petition to this Court, petitioners admit that they purposely waited to file this action until this Court ruled on the WVDNR's petition for appeal in *Antolini*. Petitioners claim they based this decision upon their belief that this Court's ruling on that appeal was an "event" that would trigger the running of the fifteen day discovery rule. We disagree with this presumption. Clearly, the "event" at issue in this case was the granting of the 2000 pay raise to the six original CO2/RTOs. Importantly, petitioners cite to no legal authority in support of their claim that the discovery of a legal theory which supports a grievance is an "event" that gives rise to the filing of a grievance. If such were the case, a grievance could be filed anytime this Court renders an opinion that supports a public employee's grievance, no matter how much time had passed between the triggering event and the issuance of the opinion. Accordingly, we cannot say that the circuit court erred in affirming the Grievance Board's finding that the discovery exception does not apply in this case.

Petitioners also claim that their grievance was timely filed pursuant to the "continuous practice" exception in West Virginia Code § 6C-2-4(a)(1)(a grievance must be filed "within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance"). Specifically, petitioners contend that each and every payday that they do not receive the 2000 pay raise triggers their right to file a grievance, i.e., the failure to enhance their salary with the 2000 pay raise is a "continuing practice." In light of our decision in *Spahr v. Preston County Board of Education*, 182 W. Va. 726, 391 S.E.2d 739 (1990), we disagree. In *Spahr*, three teachers filed a grievance when they learned they had not received a pay supplement given to fellow employees. The grievance was found to be timely filed within the required timeframe. However, with regard to whether the salary differential in that case fell under the "continuing practice" exception found in West Virginia Code § 6C-2-4(1), we said in *Spahr* that,

> Apparently, the circuit judge also relied on the language . . permitting a grievance to be filed "within fifteen days of the most recent occurrence of a continuing practice" in order to grant the teachers back pay. We do not believe that the legislature intended this language to cover the present situation. Under the circuit court's interpretation, each new pay check would constitute "the most recent occurrence of a continuing practice," and would permit a grievant to obtain an indefinite accrual of back pay by delaying the filing. The current case, however, involves a single act—the inadvertent failure to include the teachers on a list— that caused continuing damage, i.e., the wage deficit. Continuing damage ordinarily does not convert an otherwise isolated act into a continuing practice. Once the teachers learned about the pay discrepancy, they had an obligation to initiate the grievance procedure.

*Id.* at 729, 391 S.E.2d at 742. Therefore, like the pay raise at issue in *Spahr*, the WVDNR's

decision not to award the 2000 pay raise to petitioners was a singular event, and not a continuing practice. Consequently, once petitioners learned of the pay discrepancy, they had an obligation to initiate their grievance procedure. Accordingly, we find that the Grievance Board and the circuit court correctly found the "continuing practice" exception does not apply in this case. As such, the circuit court did not err in dismissing petitioner's action as untimely filed.[1]

Finally, petitioners argue that the Grievance Board was collaterally estopped from denying their grievance given (1) that the Circuit Court of Kanawha County found the *Antolini* petitioners were entitled to relief, and (2) petitioners are similarly situated to the *Antolini* petitioners. However, petitioners are not similarly situated because, unlike the *Antolini* petitioners, they did not timely file their grievance. Therefore, we find no error.

For the foregoing reasons, we affirm the circuit court's June 4, 2014, order.

Affirmed.

ISSUED: May 15, 2015

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

---

[1] We note that, pursuant to West Virginia Code § 6C-2-3(f),

> [u]pon a timely request, any [public] employee may intervene and become a party to a grievance at any level when the employee demonstrates that the disposition of the action may substantially and adversely affect his or her rights or property and that his or her interest is not adequately represented by the existing parties.

Consequently, despite the fact that petitioners failed to timely file their grievance, they could have sought to intervene in *Antolini* during the pendency of that case, but failed to so.