# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth Edward Chance, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 15-0297** (Kanawha County 13-P-275)

**David Tincher, Director, West Virginia**
**Division of Purchasing, and Jim Rubenstein,**
**Commissioner, West Virginia Division of**
**Corrections, Respondents Below, Respondents**


## MEMORANDUM DECISION

Petitioner Kenneth Edward Chance, Jr., *pro se*, appeals the order of the Circuit Court of Kanawha County, entered February 9, 2015, dismissing his petition to compel respondents to comply with his requests made pursuant to the West Virginia Freedom of Information Act ("FOIA"), West Virginia Code §§ 29B-1-1 to -7. Respondents David Tincher, Director, West Virginia Division of Purchasing, and Jim Rubenstein, Commissioner, West Virginia Division of Corrections, by counsel Greg S. Foster and John Boothroyd, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court determines that (1) Respondent Rubenstein should be dismissed from the appeal; and (2) there is no substantial question of law and no prejudicial error with regard to the circuit court's dismissal of the petition with regard to Respondent Tincher. For these reasons, a memorandum decision dismissing petitioner's appeal, in part, and affirming the February 9, 2015, order, in part, is appropriate under Rule 21 of the Rules of Appellate Procedure.

In *Chance v. Morrisey*, No. 13-0593, 2014 WL 998421 (W.Va. Supreme Court, March 14, 2014) (memorandum decision), petitioner filed a petition for a writ of mandamus in the Circuit Court of Kanawha County to compel various state officials to enforce contractual provisions with independent contractors to ensure adequate medical care and food service at Mount Olive Correctional Complex ("Mount Olive").[1] *Id.* at *1. The circuit court denied that petition on May

---

[1] Petitioner was incarcerated at Mount Olive from February of 1995 to May of 2013. Petitioner is currently incarcerated at the Northern Correctional Facility.

1

20, 2013, and this Court affirmed that denial. *Id.* at *2-3.

In connection with his petition in *Chance*, petitioner submitted FOIA requests to Respondent Tincher on February 25, 2013, asking whether state officials had filed any complaints against the medical care and food service providers at Mount Olive. Respondent Tincher did not respond to those requests.

Separately, petitioner submitted FOIA requests to Respondent Rubenstein on April 8, 2013, and April 10, 2013, asking that he be allowed to inspect and/or copy Division of Corrections ("DOC") policy directives and Mount Olive operational procedures that the Commissioner restricted from inmate viewing. Respondent Rubenstein responded that petitioner (or a representative) could inspect a portion of the restricted policy directives and operational procedures either at the Commissioner's office in Charleston, West Virginia, or in the office of Mount Olive's Warden.

Thereafter, on May 20, 2013—the same day the circuit court denied his petition in *Chance*—petitioner filed the petition in the instant case requesting that the circuit court compel respondents to comply with his FOIA requests and impose penalties for their non-compliance.[2] On February 9, 2015, the circuit court dismissed the petition in this case finding that it was frivolous. Petitioner now appeals the circuit court's February 9, 2015, dismissal of his petition. We review a circuit court's dismissal of an action de novo. *See* Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995).

On appeal, petitioner concedes that Respondent Rubenstein should be dismissed from the appeal because petitioner no longer seeks the policy directives and operational procedures that the Commissioner has restricted from inmate viewing. We note that prison administrators have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration" and, therefore, the considered judgment of such administrators is entitled to deference. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *see also Nobles v. Duncil*, 202 W.Va. 523, 534, 505 S.E.2d 442, 453 (1998) (stating that deference is given to prison administrators' judgment). Therefore, we accept petitioner's concession[3] and dismiss Respondent Rubenstein from this appeal.

With regard to the FOIA requests made to Respondent Tincher, petitioner further concedes that he sought information "for use in the mandamus [action]" in *Chance*. Accordingly, respondents argue that petitioner could have sought the information asked for in his FOIA requests in the proceeding in *Chance* and, therefore, the doctrine of res judicata bars petitioner's instant

---

[2] FOIA provides for a misdemeanor charge for non-compliance leading to possible fines and incarceration if there is a conviction, as well as for the awarding of court costs. *See* W.Va. Code §§ 29B-1-6 (penalties for non-compliance) and 29B-1-7 (attorney's fees and court costs).

[3] *See* Syl. Pt. 8, *State v. Julius,* 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991) (holding that this Court is not obligated to accept party's concession).

petition. For res judicata to preclude a second proceeding, three elements must coexist: (1) a final adjudication on the merits in the first proceeding; (2) the same parties, or persons in privity with those same parties, as the first proceeding; and (3) a cause of action in the second proceeding that is identical to the cause of action determined in the first proceeding—or such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 1, *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 256, 647 S.E.2d 535, 536 (2007) (quoting Syl. Pt. 4, *Blake v. Charleston Area Medical Center, Inc.*, 201 W.Va. 469, 472, 498 S.E.2d 41, 44 (1997)). It is undisputed that this's Court's affirmation of the denial of mandamus relief in *Chance* constituted a final adjudication on the merits in the first proceeding.[4]

The parties dispute whether the last two elements for the doctrine of res judicata to apply are satisfied. We agree with respondents and find that those elements are satisfied in this case. First, while Respondent Tincher was not a named respondent in *Chance*, other state officials were so named.[5] Petitioner alleged that those officials had a duty to ensure that the State's prison food and medical service contractors were complying with their contracts. At the same time, in his FOIA requests, petitioner asserted that Respondent Tincher—the State's Director of Purchasing—possessed information relevant to show the other state officials' efforts to ensure compliance, or the lack thereof. Second, given that petitioner's claim in *Chance* was that the State was failing in its duty to ensure contractual compliance, petitioner could have also included the claim that the State's purchasing director possessed information relevant to show lack of compliance enforcement. Petitioner cannot contend that he did not believe that Respondent Tincher had such information because petitioner made his FOIA requests at the time that his petition in *Chance* was still pending in the circuit court and because, as noted *supra*, petitioner concedes that he thought that he could obtain information pertinent to his claim in *Chance*. Thus, we find that (1) petitioner sued officials of the State of West Virginia who were in privity with each other; and (2) petitioner's claim that Respondent Tincher possessed relevant information could have been resolved in *Chance* had it been presented. Therefore, we conclude that the doctrine of res judicata bars petitioner's instant petition as to Respondent Tincher and find that the circuit court did not err in dismissing the petition as frivolous.

For the foregoing reasons, we dismiss petitioner's appeal as to Respondent Rubenstein and affirm the circuit court's dismissal of petitioner's petition as to Respondent Tincher.

Dismissed, in part, and Affirmed, in part.

---

[4] Rule 21(a) of the West Virginia Rules of Appellate Procedure provides that a memorandum decision "address[es] the merits of the case."

[5] In *Chance*, petitioner sued Hon. Patrick Morrisey, Attorney General of West Virginia; Jim Rubenstein, Commissioner, West Virginia Division of Corrections; and David Ballard, Warden, Mt. Olive Correctional Complex. *See* 2014 WL 998421, at *1.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II