# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Kostenko, D.O.,**
**Plaintiff Below, Petitioner**

**FILED**

January 30, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 14-0352** (Kanawha County 10-Misc-89)

**West Virginia Offices of the Insurance Commissioner,**
**and Michael D. Riley, in his official capacity as Insurance**
**Commissioner, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Michael Kostenko, D.O., appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered March 14, 2014, that granted summary judgment to Respondents West Virginia Offices of the Insurance Commissioner and Michael D. Riley, in his official capacity as Insurance Commissioner[1] (collectively "WVOIC"), upon a finding that petitioner's action against the WVOIC was barred by the doctrine of res judicata and/or the doctrine of collateral estoppel. The WVOIC, by counsel Charles R. Bailey and Kelly C. Morgan, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a doctor of osteopathy licensed in West Virginia, who practiced medicine in Beckley, Raleigh County, at the Coal Country Clinic. In a February 15, 2008 notice of termination, the WVOIC permanently terminated petitioner's right to receive workers' compensation payments for services rendered to injured employees because he allegedly provided care that was excessive, medically unreasonable, and unethical. *See* W.Va. Code § 23-4-3c(a)(1).[2] In the notice, the

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

[2] The February 15, 2008 notice of termination was the second such notice issued against petitioner. However, in a separate proceeding, the Circuit Court of Raleigh County reversed the first order terminating petitioner's right to receive workers' compensation payments and remanded the case for further proceedings consistent with its order, which included the issuance of the February 15, 2008 notice of termination.

1

WVOIC charged petitioner with three violations:

(1) Administering tendon sheath injections in excess of the treatment guidelines where the documentation did not support the medical necessity for tendon sheath injections or billing for tendon sheath injections which were not administered, or both;

(2) Allowing massage therapists and other employees to compound and administer I.V.'s and tendon sheath and trigger point injections in violation of the massage therapists' licensing and the laws of the State of West Virginia, and improperly billing workers' compensation for those procedures; and

(3) Engaging in "upcoding" in that petitioner billed for services that implied a higher level of complexity than was documented in the medical records and failing to report and correct fraudulent billing by petitioner's office when it came to his attention, condoning the practice, or directly causing his office to fraudulently bill for services not rendered.

Two days prior to the March 25, 2010 show cause hearing on the notice of termination, petitioner's counsel informed the hearing examiner and the WVOIC's counsel by letter that he and petitioner would not appear for the show cause hearing. Petitioner's counsel advised that he believed it was not appropriate to subject petitioner to a show cause hearing when petitioner had filed the instant action, Civil Action No. 10-Misc-89, in the Circuit Court of Kanawha County to enjoin the holding of the hearing. However, petitioner's counsel did not request a continuance from the hearing examiner.

At the beginning of the show cause hearing, the hearing examiner addressed petitioner's and his counsel's non-appearance by first asking the WVOIC's counsel whether he had informed petitioner's counsel that the hearing would proceed. The WVOIC's counsel indicated that he had so informed petitioner's counsel. Next, the hearing examiner confirmed that he was aware of No. 10-Misc-89 and that it "raised overlapping issues," but ruled that "we're going to go ahead and proceed with the hearing." Following the presentation of the WVOIC's witnesses and evidence at the show cause hearing, the hearing examiner issued a recommended decision on May 12, 2010, that petitioner's right to receive workers' compensation payments should remain terminated permanently. On June 1, 2010, the WVOIC issued a final order adopting the hearing examiner's recommended decision. Petitioner appealed the June 1, 2010, final order in the Circuit Court of Raleigh County in Civil Action. No. 10-AA-14.[3]

In No. 10-Misc-89, in addition to requesting the Kanawha County court dismiss the February 15, 2008, notice of termination, petitioner sought monetary damages pursuant to West

---

[3] West Virginia Code § 23-4-3c(b) provides, in pertinent part, that "[a]ny appeal by the health care provider shall be brought in the circuit court of Kanawha County *or in the county in which the provider's principal place of business is located.*" (Emphasis omitted.)

Virginia Code §§ 61-5-27 (retaliation against public employee)[4] and 61-5-27a (fraudulent public proceedings). On December 1, 2010, petitioner's counsel filed a motion in the Kanawha County court to stay No. 10-Misc-89 pending the outcome of No. 10-AA-14 because the outcome of his administrative appeal of the WVOIC's final order "will either render [No. 10-Misc-89] moot (if the [WVOIC] prevails) or provide further evidence" to support petitioner's claims pursuant to West Virginia Code §§ 61-5-27 and 61-5-27a. The WVOIC agreed with petitioner's counsel that No. 10-Misc-89 should be held in abeyance, and the Kanawha County court stayed No. 10-Misc-89 pending the outcome of No. 10-AA-14.

The Raleigh County court held a final hearing on petitioner's administrative appeal in No. 10-AA-14 on August 21, 2012. After hearing the arguments of counsel, the Raleigh County court entered an order on November 26, 2012, that upheld the WVOIC's final order. The Raleigh County court first determined that West Virginia Code § 23-4-3c(b) required petitioner to appear at the March 25, 2010 show cause hearing. Second, the Raleigh County court ruled that legal authority strongly suggested that petitioner waived his right to complain about the administrative proceedings or any procedural issues when he failed to appear for the show cause hearing, but that it would address the issues raised by petitioner "out of an abundance of precaution." Specifically, the Raleigh County court reviewed the February 15, 2008 notice of termination and the resultant proceedings to ensure that they complied with its remand order that found that the earlier notice of February 18, 2005, was procedurally deficient.[5] The Raleigh County court determined that the February 15, 2008 notice, satisfied due process because it contained more specific charges and details than the February 18, 2005 notice. The Raleigh County court further found that, while petitioner was not provided with an opportunity to fully present his case pursuant to the February 18, 2005 notice, this issue was rendered moot by petitioner's non-appearance at the March 25, 2010 show cause hearing. The Raleigh County court noted that, at the March 25, 2010 hearing, the WVOIC presented the testimony of a former employee of the defunct Workers' Compensation Commission as well as the testimony of Dr. James Baker, who "testified extensively from specific case records, and was highly critical of the petitioner's billing practices for established office visits." The Raleigh County court further noted that, because petitioner and his counsel failed to appear for the March 25, 2010 hearing, the WVOIC's evidence was undisputed.

In *Kostenko v. West Virginia Offices of Insurance Commissioner*, No. 12-1493, 2013 WL 6283835 (W.Va. Supreme Court, December 4, 2013) (memorandum decision), this Court affirmed the Raleigh County court's November 26, 2012, order in No. 10-AA-14 that upheld the WVOIC's final order permanently terminating petitioner's right to receive workers' compensation payments for medical services rendered. Consequently, the WVOIC filed a motion for granted summary judgment in petitioner's instant action, No. 10-Misc-89. The Kanawha County court held a hearing on the motion on February 20, 2014.[6] At the hearing, the WVOIC argued that the affirmation of its

---

[4] Petitioner alleged that he was an "employee" of the WVOIC.

[5] *See* fn. 2.

[6] By this time, petitioner was acting *pro se*.

3

final order in No. 10-AA-14 resulted in No. 10-Misc-89 being barred by either the doctrine of *res judicata* or the doctrine of collateral estoppel.[7] In response, petitioner criticized his former attorney's strategic decision for them not to appear for the March 25, 2010 show cause hearing, in No. 10-AA-14. Petitioner further asserted that, because he was not at the March 25, 2010, hearing, he was not able to present his evidence on his claims that the WVOIC issued the February 15, 2008 notice of termination, only to harass him and retaliate against him for his good faith reporting abuses within the workers' compensation system—or, in other words, his claims under West Virginia Code §§ 61-5-27 and 61-5-27a. Nonetheless, the Kanawha County court determined that the WVOIC was entitled to summary judgment on petitioner's claims in No. 10-Misc-89.

In its March 14, 2014, order, the Kanawha County court ruled that the doctrine of *res judicata* and/or the doctrine of collateral estoppel barred No. 10-Misc-89 because this Court's December 3, 2013 decision, affirming the Raleigh County court's affirmation of the WVOIC's final order in No. 10-AA-14 "rendered moot the issue of the appropriateness of the WVOIC's termination of [petitioner's] practicing privileges under the Workers' Compensation System." In so ruling, the circuit court noted that, in arguing that No. 10-Misc-89 should be stayed pending the outcome of No. 10-AA-14, petitioner's counsel asserted that No. 10-AA-14's outcome would render No. 10-Misc-89 moot "if the [WVOIC] prevail[ed]."

Petitioner now appeals the Kanawha County court's March 14, 2014 order, granting the WVOIC summary judgment in the instant action, No. 10-Misc-89.[8] "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the

---

[7] In *In Re: B.C.*, 233 W.Va. 130, __, 755 S.E.2d 664, 670 (2014), we stated, as follows:

> The doctrines of *res judicata* and collateral estoppel prevent parties from relitigating in a new action a claim or issue that was definitively settled by a prior judicial decision. The doctrine of *res judicata* essentially requires that the prior and current actions must involve the same parties; the doctrine of collateral estoppel only requires the party against whom the doctrine is invoked to have been a party to the prior action.

(Footnotes omitted.)

[8] The record on appeal reflects that, in addition to appealing the March 14, 2014 order, petitioner filed a Rule 60(b) motion seeking relief from that order. The Kanawha County court denied the motion on April 21, 2014. Petitioner now appeals only the underlying March 14, 2014, order, granting summary judgment, and not the April 21, 2014 order, denying his Rule 60(b) motion.

4

nonmoving party[.]" Syl. Pt. 4, in part, *Painter,* 192 W.Va. at 190, 451 S.E.2d at 756.

<u>The doctrine of *res judicata* does not preclude petitioner's instant action in No. 10-Misc-89</u>

For *res judicata*—also called "claim preclusion"—to preclude a second action, three elements must coexist: (1) a final adjudication on the merits in the first proceeding; (2) the same parties, or persons in privity with those same parties, as the first proceeding; and (3) a cause of action in the second proceeding that is identical to the cause of action determined in the first proceeding—or such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 1, *Antolini v. West Virginia Division of Natural Resources,* 220 W.Va. 255, 256, 647 S.E.2d 535, 536 (2007) (quoting Syl. Pt. 4, *Blake v. Charleston Area Medical Center, Inc.,* 201 W.Va. 469, 472, 498 S.E.2d 41, 44 (1997)). It is undisputed that the first two elements exist in the instant case. First, there has been a final adjudication on the merits in No. 10-AA-14. *See Kostenko*, 2013 WL 6283835. Second, the parties in No. 10-AA-14 are the same parties as in the instant case, No. 10-Misc-89: petitioner and the WVOIC.

However, we find that the third element that needs to be satisfied for *res judicata* to bar No. 10-Misc-89 is absent. No. 10-AA-14 resolved only whether the WVOIC was incorrect in deciding that petitioner should be terminated from receiving workers' compensation payments for medical services rendered, while No. 10-Misc-89 contained the additional claims pursuant to West Virginia Code §§ 61-5-27 and 61-5-27a. Because those claims, if successful, would have resulted in monetary damages, we conclude that they neither were identical to petitioner's claim in No. 10-AA-14—that the notice of termination should be reversed—nor capable of being resolved in No. 10-AA-14, which was an administrative appeal, and not an action at law.

<u>The doctrine of collateral estoppel precludes petitioner from re-litigating<br>whether the WVOIC acted properly in instant action in No. 10-Misc-89</u>

Petitioner argues that the Kanawha County court erred in finding that his present action in No. 10-Misc-89 was precluded by the adjudication that occurred in No. 10-AA-14. As discussed, *supra*, petitioner is correct with regard to the application of the doctrine of *res judicata* because No. 10-Misc-89 includes causes of action or claims that No. 10-AA-14 does not. However, the doctrine of collateral estoppel—also called "issue preclusion"—is designed "to foreclose relitigation of *issues* in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Syl. Pt. 2, in part, *Conley v. Spillers*, 171 W.Va. 584, 586, 301 S.E.2d 216, 217 (1983). (Emphasis added.) In Syllabus Point 1 of *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995), this Court held as follows:

> Collateral estoppel will bar a claim [i.e., issue] if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a

5

full and fair opportunity to litigate the issue in the prior action.

We find that it is undisputed that the second and third elements exist in this case because (a) there has been a final adjudication on the merits in No. 10-AA-14, in which the WVOIC's final order upholding the February 15, 2008 notice of termination, was affirmed on appeal by the Raleigh County court and then by this Court in *Kostenko*;[9] and (b) the WVOIC seeks to invoke issue preclusion against petitioner, who was a party to No. 10-AA-14.

We will now discuss the presence of the first and fourth elements of collateral estoppel. With regard to whether the identical issue was decided in the previous matter, we note that petitioner's then counsel moved for No. 10-Misc-89 to be stayed pending the outcome of No. 10-AA-14 because the result in No. 10-AA-14 "will either render [No. 10-Misc-89] moot (if the [WVOIC] prevails) or provide further evidence" to support petitioner's claims pursuant to West Virginia Code §§ 61-5-27 and 61-5-27a. Petitioner criticizes his former attorney for linking the two cases. However, as the WVOIC notes, in *Kostenko*, we rejected petitioner's attempt to distance himself from the strategic choices his counsel made in the two proceedings because there was no evidence that he disagreed with those choices. *See* 2013 WL 6283835, at *4. Furthermore, we find that petitioner's then counsel was correct in connecting the two cases because the three due process arguments petitioner asserts he should have had an opportunity to make in No. 10-Misc-89 came within the ambit of the issue decided in No. 10-AA-14, which was whether the WVOIC properly issued and acted on the February 15, 2008, notice of termination. Thus, we determine that, while petitioner made additional claims in No. 10-Misc-89, the underlying issue was identical.

With regard to whether petitioner had a full and fair opportunity to litigate the issue in No. 10-AA-14, petitioner asserts that he should have had an opportunity to present evidence that (1) the February 15, 2008 notice of termination, failed to contain specific and detailed charges; (2) the notice resulted in a fraudulent proceeding; and (3) the WVOIC proceeded on the notice only as an act of retaliation against him. In contending that he did not have an opportunity to present this evidence in No. 10-AA-14, petitioner makes the same argument now as he made in his appeal of No. 10-AA-14: that counsel should not have made the strategic decision not to appear for the March 25, 2010 show cause hearing. *See Kostenko*, 2013 WL 6283835, at *4. As previously indicated, we rejected this argument because no evidence existed that petitioner disagreed with his counsel's decision. *Id.* Because petitioner did not appear for the show cause hearing even though statutorily required to do so,[10] petitioner forfeited his opportunity to present the evidence petitioner now contends he was entitled to present. It is important that petitioner had this previous opportunity. *See* Syl. Pt. 8, *Conley*, 171 W.Va. at 586, 301 S.E.2d at 218 ("A fundamental due process point relating to the utilization of collateral estoppel is that any person against whom

---

[9] 2013 WL 6283835, at *4.

[10] West Virginia Code § 23-4-3c(b) provides, in pertinent part, that "[t]he health care provider *shall appear* to show cause why the health care provider's right to receive payment under this chapter should not be suspended or terminated." (Emphasis added.)

collateral estoppel is asserted must have had a prior opportunity to have litigated his claim [i.e., issue].”). But, because petitioner willingly forfeited his first such opportunity does not mean that he is entitled to a second opportunity to present his evidence that the WVOIC was intentionally violating his due process rights. Thus, we determine that petitioner had a full and fair opportunity to litigate whether the WVOIC acted properly in No. 10-AA-14.

We find that all four elements required for the application of collateral estoppel are present and, therefore, that petitioner is precluded from re-litigating in the instant action, No. 10-Misc-89, the question of whether the WVOIC properly issued and acted on the notice of termination. Therefore, we conclude that the Kanawha County court did not err in granting the WVOIC summary judgment in the instant case because, given that petitioner was barred from re-litigating whether the WVOIC acted properly, no rational trier of fact would find for petitioner. *See* Syl. Pt. 4, *Painter,* 192 W.Va. at 190, 451 S.E.2d at 756.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its March 14 2014, order granting summary judgment to the WVOIC.

Affirmed.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**

7