# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 29, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Michael Ellis,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0574** (Kanawha County 15-C-82)

**Kanawha County Public Library,**
**Defendant Below, Respondent.**

## MEMORANDUM DECISION

Petitioner Michael Ellis, pro se, appeals the May 13, 2015, order of the Circuit Court of Kanawha County awarding summary judgment to respondent Kanawha County Public Library in petitioner's civil action alleging violation of the Wage Payment and Collection Act ("WPCA"), West Virginia Code §§ 21-5-1 to 21-5-18, and intentional infliction of emotional distress. Respondent, by counsel Craig W. Snethen, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner previously sued respondent alleging violations of the WPCA. In *Ellis v. Kanawha County Public Library Board*, No. 14-0418 (W.Va. Supreme Court, November 21, 2014) (memorandum decision), this Court affirmed the circuit court's determination that respondent was not liable on petitioner's claim that respondent owed him two weeks of wages and its determination that respondent was liable to petitioner for a failure to pay him in full within seventy-two hours of his termination. This Court found that the circuit court miscalculated damages on the claim it determined in petitioner's favor; therefore, the case was remanded with directions to the circuit court to award the correct amount of damages. *Id.* In the present action, petitioner does not dispute that he received the proper amount of damages after this Court's remand.

1

Rather, in his new action, petitioner alleges that respondent violated the WPCA by not paying him his final wages by cash order[1] and that respondent intentionally inflicted emotional distress on him by forcing him to appeal to this Court in order to obtain the correct amount of damages due him. Based on these claims, petitioner sought a total of $775,000 in damages. Respondent subsequently filed a motion for summary judgment arguing that petitioner was barred from bringing such claims by the doctrine of res judicata. Following a May 1, 2015, hearing, the circuit court granted summary judgment in respondent's favor by order entered on May 13, 2015. Petitioner now appeals to this Court.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

After our review of the record before us, we find that respondent is entitled to judgment as a matter of law on both claims asserted by petitioner in the present suit. As to petitioner's WPCA claim that respondent failed to pay him his final wages by cash order, we find that this claim is barred by the doctrine of res judicata. Three elements must be satisfied before the prosecution of a lawsuit may be barred on the basis of res judicata: (1) there must have been a final adjudication on the merits in the first proceeding; (2) the second proceeding must involve the same parties, or persons in privity with those same parties, as the first proceeding; and (3) the cause of action in the second proceeding must be identical to the cause of action determined in the first proceeding or must be such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 1, *Antolini v. West Virginia Division of Natural Resources*, 220 W.Va. 255, 256, 647 S.E.2d 535, 536 (2007) (internal quotations and citations omitted). Petitioner's prior suit resulted in a final adjudication on the merits and involved the same parties. Respondent argues that the third element required for res judicata to apply is satisfied because, while we did not explicitly address petitioner's cash order claim in *Ellis*, that claim was either adjudicated—or was capable of being adjudicated—in lower court proceedings. We agree. Even assuming, *arguendo*, that the cash order claim was not adjudicated, it could have been resolved had petitioner presented it for adjudication as petitioner's previous action was also based on the WPCA.

We disagree that petitioner's claim for intentional infliction for emotional distress is barred by the doctrine of res judicata inasmuch as that claim is not based on the WPCA, but on

---

[1] The 2006 version of West Virginia Code § 21-5-4(a), which applies to this case, provides, as follows:

> In lieu of lawful money of the United States, any person, firm or corporation may compensate employees for services by cash order which may include checks or money orders on banks convenient to the place of employment where suitable arrangements have been made for the cashing of such checks by employees for the full amount of wages.

petitioner's contention that respondent should not have forced him to appeal to this Court in order to obtain the correct amount of damages due him in *Ellis*. However, because petitioner bases the claim on respondent's conduct in its defense in petitioner's first suit, we find that respondent is immune from being sued by virtue of the litigation privilege.[2]

Pursuant to the litigation privilege, a party is absolutely immune from a claim for damages filed by the opposing party alleging misconduct during a civil action if the conduct (1) occurs in the course of the action; and (2) was related to the action. *See* Syl. Pt. 3, *Clark v. Druckman*, 218 W.Va. 427, 428, 624 S.E.2d 864, 865 (2005).[3] Petitioner alleges that in his first suit, respondent persuaded the circuit court to erroneously calculate his damages based on the 1975 version of the WPCA rather than the 2006 version that applied. On appeal, respondent conceded that application of the 1975 version constituted error. If petitioner believed that respondent intentionally misled the circuit court, he should have raised the matter with the circuit court in the first action. *See Clark*, 218 W.Va. at 434, 624 S.E.2d at 871 ("[W]e believe our *Rules of Civil Procedure*, our *Rules of Professional Conduct*, and the court's inherent authority provide adequate safeguards to protect against abusive and frivolous litigation tactics.") (emphasis in original). Accordingly, we determine that the litigation privilege bars petitioner from suing respondent based on its reliance on the incorrect version of the WPCA in the first suit.[4] Because both of petitioner's claims fail as a matter of law, we conclude that the circuit court did not err in awarding summary judgment to respondent.

---

[2]We note that we "are not wed . . . to the lower court's rationale, but may rule on any alternate ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996).

[3]The action in *Clark* was brought against a party's attorneys; however, parties to an action are also afforded the protection of the litigation privilege. 218 W.Va. at 433, 624 S.E.2d at 870 ("*[P]articipants* in litigation must be free to . . . use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.") (internal quotations and citations omitted) (emphasis added); s*ee* Syl. Pt. 2, *Collins vs. Red Roof Inns, Inc.*, 211 W.Va. 458, 566 S.E.2d 595 (2002) (party to dispute is privileged to publish defamatory material).

[4]Petitioner asserts that following the entry of the circuit court's summary order, he filed a motion for leave to amend his complaint to clarify his claim for intentional infliction of emotional distress. Petitioner asserts that the circuit court should have considered the motion under Rule 59(e) of the West Virginia Rules of Civil Procedure that governs motions to alter or amend a judgment. Respondent counters that the circuit court did not err in not addressing petitioner's motion because it was never properly filed in the instant action. Respondent argues that the motion addressed a separate discrimination action the parties are litigating in federal court. We note that the docket sheet for the instant action shows that petitioner filed a motion for leave to amend his complaint on May 18, 2015. However, according to petitioner, the proposed amended complaint did not alter the allegations on which petitioner bases his claim for intentional infliction of emotional distress. Having found that those allegations cannot serve as a basis for a claim against respondent, we determine that even assuming, *arguendo*, the circuit court erred in not addressing the May 18, 2015, motion, the error was harmless.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 29, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II