# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Troy G.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0081** (Logan County 14-C-4)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Troy G.,[1] by counsel Kelly C. Pritt, appeals the order of the Circuit Court of Logan County, entered on December 30, 2020, dismissing his fourth petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent of Mt. Olive Correctional Complex appears by counsel Patrick Morrisey and Scott E. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 1996, petitioner was convicted by a jury of fifty-seven sexual offenses. *Troy G. v. Ballard*, No. 11-0959, 2013 WL 149629 (W. Va. Jan. 14, 2013) (memorandum decision).[2] For those convictions he was sentenced to serve a term of 40 to 100 years in prison. *Id.* He then filed a direct appeal, which was refused by this Court. *Id*.

This is petitioner's fourth petition for a writ of habeas corpus. The first petition was denied without an omnibus evidentiary hearing, and this Court refused an appeal of that judgment. *Id*. In

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] This memorandum decision stemmed from petitioner's third petition for a writ of habeas corpus.

2000, petitioner filed a second petition for a writ of habeas corpus raising thirty-one grounds for relief and, after holding an omnibus evidentiary hearing, the circuit court denied the second petition. *Id.* In its order denying petitioner's second habeas corpus petition, the court specifically found that trial counsel and appellate counsel each provided petitioner with effective representation. Petitioner then filed a third petition for a writ of habeas corpus, and the circuit court denied that petition by order entered in May of 2011, noting that the petition was "dismissed in its entirety as being without merit and also . . . having been previously adjudicated." This Court affirmed that denial. *Id.* Respondent argues that petitioner also unsuccessfully sought habeas corpus relief in federal court. *See* [*Troy G.*] *v. McBride*, 173 F. Appx. 216 (4th Cir.), *cert. denied*, 549 U.S. 877 (2006).

Petitioner then filed the subject petition for a writ of habeas corpus before the circuit court. The questions presented in this habeas corpus proceeding were narrow. Specifically, petitioner claimed that his trial counsel was ineffective in failing to call a rebuttal witness to the victim's testimony. Further, petitioner claimed that his prior habeas counsel were ineffective, as habeas counsel did not raise the issue of trial counsel not calling the rebuttal witness. The circuit court denied the petition.

In its order, the circuit court found that trial counsel was aware, before trial, that witness L.G. claimed that she was told by the victim that the victim "was going to lie about her father to keep her mother out of jail for charges pending in an investigation in Summers County[,] West Virginia[,] unless petitioner told the Summers County authority that he not his wife was the perpetrator." Although petitioner argued that the victim's testimony was the only evidence against petitioner and that if L.G. had testified the jury could have reasonably determined that the victim was lying to keep her mother out of jail, the habeas court's findings refute this claim. Specifically, the habeas court found that

> [p]etitioner gave a statement to police; the evidence from [petitioner's] wife was that he made admissions to her of numerous sexual acts with the victim, his minor child; and the victim gave a graphic and detailed statement to the Department of Health and Human Resources workers about the abuse she sustained from petitioner.

Further, the circuit court order in the instant habeas proceeding recounted some of the earlier proceedings and findings. Specifically, the court order noted that the court in petitioner's second habeas proceeding found that trial counsel and appellate counsel each provided effective representation of petitioner. Further, the circuit court's order provided that when petitioner attempted to raise information about witness L.G.'s affidavit and testimony in petitioner's third habeas proceeding, the third habeas court determined that those issues were barred by the doctrine of res judicata. Thus, the circuit court found that petitioner's allegations of ineffective assistance of counsel as to petitioner's third habeas counsel and any previous counsel were without merit and denied petitioner's fourth petition for habeas corpus relief. Petitioner now appeals from the circuit court's denial of this habeas corpus petition.

As this matter is an appeal from the circuit court's order denying habeas relief, we review as follows:

2

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Meadows v. Mutter*, 243 W. Va. 211, 842 S.E.2d 764 (2020).

"On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Further, this Court has held that "[o]ur post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding[.]" Syl. Pt. 1, in part, *Gibson v. Dale,* 173 W. Va. 681, 319 S.E.2d 806 (1984).

Respondent maintains that petitioner's claim of ineffective assistance of counsel is barred by the doctrine of res judicata, as it was previously decided in one of petitioner's earlier petitions for habeas corpus relief. This Court has held that

[a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981).

"The purpose of *res judicata*, also referred to as 'claim preclusion,' is to 'preclude the expense and vexation attending relitigation of causes of action which have been fully and fairly decided.'" *Antolini v. W. Va. Div. of Nat. Res.*, 220 W. Va. 255, 258, 647 S.E.2d 535, 538 (2007) (citation omitted). The doctrine "conserves judicial resources and minimizes the risk of inconsistent decisions." *Id.* (citation omitted).

Upon our review of the record, we note that petitioner raised a claim of ineffective assistance of trial counsel in petitioner's second habeas corpus proceeding. In that action, the habeas court considered petitioner's argument and found that trial counsel did not provide petitioner with ineffective assistance of counsel.[3] Therefore, we find that petitioner was barred by the doctrine of res judicata from re-raising the issue of ineffective assistance of trial counsel.

---

[3] To the extent that petitioner raises a different ground that trial counsel was ineffective, this Court has noted that variations on the theme of ineffective assistance of trial counsel in

Moreover, the court considering petitioner's fourth petition for habeas corpus relief properly found that "[habeas counsel in the third habeas] acted professionally on the petitioner's behalf in not raising issues that were previously fully litigated and finally adjudicated." Since trial counsel was not ineffective for not calling L.G. as a rebuttal witness, habeas counsel cannot be ineffective for failing to raise this issue. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

successive habeas petitions cannot circumvent the bar of res judicata. *See Hatcher v. Ballard*, No. 15-0414, 2016 WL 2979538, at *5 (W. Va. May 23, 2016) (memorandum decision).